Caruthers, J.,
delivered tbe opinion of the Court.
This action is brought to recover damages for the obstruction of the free navigation of Hatchie river, by the plaintiff in error, in the erection of a bridge over the same, by which the steamer “Bluff City” was prevented from ascending the same. From a recovery of about |400 damages, the company appealed.
The construction of the bridge was authorized by the charter of the plaintiff, but with the proviso, “that the navigation of such water-course shall not thereby, be obstructed.” It is argued that this has reference only to a permanent obstruction by the bridge when completed, but not to any' temporary obstructions, which become necessary or convenient in the process of erection. If these were absolutely necessary, and the work could not be done without them, and they were only constructed for a reasonable time, the position might be maintained. But if the work could be done without the disturbance of the conflicting right of navigators, or if a way' to pass could have been kept open, and was not, then, it would be unauthorized and a public nuisance.
The authority to throw a bridge over a navigable stream, is an exception from the general law, by which it is forbidden; granted by the Legislature, in view of the greater advantages to the public, which are expected to result' from the improvement. It must be confined to the limits and conditions of the grant, and not trench any further upon the ' common right to the free use of the stream.
The construction contended for, would require us to hold that the Legislature intended to suspend the right *429 of navigation for tbe length of time that might be necessary to build the bridge, and then, when finished, if it should not impede navigation, it would fall under the sanction of law. We are not of the opinion that the conflicting right of -navigation was to be suspended at all,- not even during the erection. We decided this point in effect in a late case at Knoxville, where the railroad company were indicted for obstructing- a county road. We held the company liable in that case.
In the case before us, there is no doubt but that the river was impassible for boats, by the temporary erection made for the building of the bridge, and that the steamboat of the defendants was prevented from ascending the stream, and thereby sustained loss.
A very plausible point is made in reference to the variance between the character of the' damages laid in the declaration, and those upon which recovery was had under the charge of the Court. The verdict was based upon the expenses incurred by the boat in making the trip, which was rendered fruitless by this obstruction. The damages alleged in the declaration are, that they were “ deprived of the profits, gains and advantages which they might, and otherwise would have made, by the use and employment of said steamboat, “Bluff City,” in the carriage and conveyance of the said goods, wares, and merchandise in and upon said navigable stream.”
The point made, is, that there is no proof that there was on board any “goods, wares or merchandise,” upon freight, but the verdict is based upon the expenses of the trip, which the Court charged might be looked to as the measure of damages, though not specified in the declaration.
*430 It is true, that tbe remedy for a public nuisance, is generally by indictment, and that a suit by an individual can only be maintained for some particular damage to him. 3 Blackstone, 219-20, and note 7: 7 Bacon, 235. To make a declaration good, some particular injury must be stated. But it is not indispensable to a recovery, that the injury shall be proved precisely as laid. This would be too stringent in the present liberal state of pleading and practice. The profits that might probably have been made by the trip, was properly excluded by the Court, as the measure of damages, on account of the uncertainty and speculative character of such a rule. Sedgwick on Dam., 69, 70. So the probable amount of freight that might have been made on a back load of cotton, would not have been the proper- criterion of damages. This would be too indefinite and contingent. Perhaps in a case like this, the safest and best rule was that laid down by the Court. If the trip was rendered fruitless, in the language of the charge, by the obstruction, the party was certainly injured to the extent of the expenses. This word fruitless excludes the idea that anything was otherwise made by the trip, but that it was entirely lost. As to the expenses, the proof is conflicting, as in all cases of opinion. But the jury have settled it. In connection with this, the Court charged that if the plaintiffs knew of the obstruction they could recover nothing. This was certainly strong enough for the company, but its correctness need not be considered, as they do not occupy an attitude to complain.
The discussion in relation to the temporary obstruction of highways by improvements, unloading, &e., upon the *431 general law on tbe subject of injuries from nuisances, need not be examined, as tbe statute in tbis case forbids tbe obstruction, without limitation or exception. Nor does this case make it necessary to consider bow far tbe rashness or carelessness of tbe party complaining would exonerate tbe other party. If tbe damage bad been an injury to tbe boat, or hands, or cargo, by tbe obstruction, that doctrine would be appropriate.
We cannot concur, either, in tbe position that tbe true measure of damages would be tbe time of detention necessary for tbe removal of tbe obstruction. That might be so, if tbe boat were to submit to that course, for then there might perhaps be no other damage. But tbe owners of tbe boat, are not bound to rest upon their oars, and wait ' for tbe removal of a nuisance, unless they choose to do so. In tbis case, they elected to return, and stand upon their claim for remuneration in damages.
We find no error in tbe case, and affirm tbe judgment.